IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00524-REB-KLM

HOMAIDAN AL-TURKI,

    Plaintiff,

v.

ANN TOMSIC, individually and in her official capacity as Chief Deputy District Attorney,
GEORGE BRAUCHLER, individually and in his official capacity as District Attorney,
JON BIBIK, Special Agent, in his individual capacity,
ROBERT GOFFI, Chief Division Counsel, in his individual capacity,
PAUL HOLLENBECK, in his individual capacity, and
JOHN DOES 1-10, in their individual and/or official capacities,

    Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants' **Joint Motion to Stay All Discovery and Vacate Scheduling Conference Pending Resolution of Motions to Dismiss** [#72][1] (the "Motion"). Plaintiff filed a Response [#80] in opposition to the Motion. Defendants filed a Reply [#84]. Defendants ask the Court to stay discovery in this case until after the pending Motions to Dismiss [#13, #22, #56] are resolved.[2] If granted, the Motions to Dismiss would dispose of all claims asserted against all Defendants.

Although the stay of proceedings in a case is generally disfavored, the Court has

---

[1] "[#72]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

[2] The Motions to Dismiss are referred to the undersigned for recommendation.

discretion to stay discovery while a dispositive motion is pending. *See Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) ("A stay of all discovery is generally disfavored in this District." (citation omitted)); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (finding that a thirty-day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (stating that a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action."); 8 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding that ordering a stay of discovery is not an abuse of discretion when a defendant has filed a motion to dismiss challenging the court's actual subject matter jurisdiction); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)).

When exercising its discretion regarding whether to impose a stay, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the

defendants of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *String Cheese Incident, LLC*, 2006 WL 894955, at *2.

The Court first addresses the interest of Plaintiff in proceeding expeditiously with discovery and the potential prejudice to Plaintiff of a delay. Plaintiff states in part:

> [Plaintiff] is currently eligible to re-apply for a treaty transfer as the requisite time period has passed since his last application. As soon as he can clear his name and be assured that his renewed application will not be torpedoed by false allegations that he has terrorist ties, he can submit a new application. . . . During the pendency of this case, [Plaintiff] remains besmirched by false allegations of terrorism. He opposes the stay because it would prevent him from proceeding expeditiously with this case, and he suffers prejudice every day this case remains unresolved.

*Response* [#80] at 9. Based on these representations, the Court finds that the first *String Cheese Incident* factor weighs against staying discovery.

The Court next addresses whether Defendants have demonstrated that proceeding with the discovery process presents an undue burden. They state in part:

> [T]he Defendants are all public officials with significant daily responsibilities to the citizens of the United States and the State of Colorado. Those responsibilities are necessarily disrupted if the Plaintiff is allowed to proceed to discovery. Significantly, the arguments raised by the Defendants in their Motions to Dismiss are all legal arguments premised on the allegations made by the Plaintiff. Plaintiff does not contest the Defendants have raised only legal arguments and has never sought any discovery related to any of the arguments raised by the Defendants in their Motions to Dismiss. If Plaintiff cannot overcome the basic legal arguments raised in the Defendants' Motions to Dismiss, there will never be any need for any discovery to occur in this matter. Plaintiff's self-serving questioning of the merits of the Defendants' arguments does not detract from this reality. The question here is not just when discovery will occur, it is whether any discovery will ever be necessary in this matter at all.

*Reply* [#84] at 7. Facially, Defendants' Motions to Dismiss [#13, #22, #56] do indeed

appear to be based purely on legal questions. Plaintiff apparently needed no discovery before filing his Responses [#30, #32, #65], but Defendants could be prejudiced if they have to engage in discovery should the Motions to Dismiss ultimately be granted. The Court finds that the second *String Cheese Incident* factor weighs in favor of staying discovery.

With regard to the third factor, Plaintiff asserts that:

> [A]ny stay will cause this Case to remain open on this Court's docket for an unnecessarily-long period of time. This Court's only interest in the present case is a prompt and fair resolution. The delay caused by any stay will contribute to a backlog on this Court's docket and impede a prompt resolution of the pending claims.

*Response* [#80] at 9. This may be partially true. But if the case remains in a stagnant state on the Court's docket due to a stay, judicial economy is enhanced, as is convenience to the Court. In those circumstances, scheduling and discovery issues will not be raised and will not take time from the Court that could otherwise be used to address the pending dispositive motions. Thus, it is certainly more convenient for the Court to stay discovery until it is clear that the case will proceed. *See Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 5 (D.D.C. 2001) (staying discovery pending decision on a dispositive motion that would fully resolve the case "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for [further proceedings]."). The Court therefore finds that the third *String Cheese Incident* factor weighs in favor of staying discovery.

With regard to the fourth factor, Plaintiff asserts that his "family has a strong interest in clearing their family name. Though Defendants' allegations have been directed against [Plaintiff], the allegations have caused his family to suffer. [Plaintiff's] family wants this

case to be resolved as quickly as possible so as to restore their good names as well as [Plaintiff's]." *Response* [#80] at 10. Without any greater specificity, the Court cannot find that there are significant particularized interests with respect to these nonparties in this case. Accordingly, the fourth *String Cheese Incident* factor neither weighs in favor nor against staying discovery.

With regard to the fifth and final factor, Plaintiff asserts:

> [T]here has been significant public interest in the Defendants' untrue attacks on [Plaintiff]. After [Plaintiff] filed this case, the media's attention demonstrated that the public is interested in [Plaintiff's] allegations against Defendants. The public's interest has continued throughout the pendency of this case. Further, there is a public interest in demonstrating that through the federal courts, an individual can stand up to false accusations by the government and clear his name – that it is possible to fight back against the specter of renewed McCarthyism. Any delay prevents the public from seeing an expeditious resolution on the merits.

*Response* [#80] at 10 (internal footnotes omitted). The *possibility* of the public's interest in this case is outweighed by several factors,[3] including the possibility that unnecessary expenditures of public and private resources on litigation will be minimized, the *probability* that judicial resources will ultimately be conserved by addressing dispositive issues early in the litigation, and the *probability* that both judicial and attorney resources will be conserved by clarifying and resolving disputed legal issues at the earliest possible time. Overall, the public's interest in the efficient and just handling of legal disputes favors imposition of a stay in these circumstances. Thus, the fifth *String Cheese Incident* factor weighs in favor of staying discovery.

---

[3] The Court notes that whether the public has an interest in a generalized sense in a case is not the same as whether the public has a stake in the outcome of the case. Plaintiff appears to confuse these two meanings of the word "interest" with regard to this factor.

Finally, to the extent Plaintiff argues that *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007), and its progeny counsel against imposing a stay during the pendency of a motion to dismiss, the Court notes that nothing in *Twombly*, other cases cited by Plaintiff, or the Federal Rules of Civil Procedure eliminates the Court's discretion in determining whether to impose a stay while a motion to dismiss is being resolved. *See Response* [#80] at 10-12.

Weighing the relevant factors, the Court concludes that staying discovery pending resolution of Defendants' Motions to Dismiss [#13, #22, #56] is appropriate. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#72] is **GRANTED**. All discovery is **stayed** pending resolution of Defendants' Motions to Dismiss [#13, #22, #56].

IT IS FURTHER **ORDERED** that the Scheduling Conference set for December 22, 2015, at 9:30 a.m. is **VACATED**. It shall be reset, if necessary, after resolution of the Motions to Dismiss [#13, #22, #56].

DATED: December 15, 2015 at Denver, Colorado.

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge