**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 15–cv–00524–REB–KLM

HOMAIDAN AL-TURKI;

    Plaintiff,

v.

ANN TOMSIC, individually and in her official capacity as Chief Deputy District Attorney,
GEORGE BRAUCHLER, individually and in his official capacity as District Attorney,
JON BIBIK, Special Agent, in his individual capacity,
ROBERT GOFFI, Chief Division Counsel, in his individual capacity,
PAUL HOLLENBECK, in his individual capacity, and
JOHN DOES 1-10, in their individual and/or official capacities;

    Defendants.

---

**ORDER CONCERNING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

---

**Blackburn, J.**

This matter is before me on the following: (1) the **Motion To Dismiss From Defendants Ann Tomsic and George Brauchler** [#13][1] filed May 11, 2015; (2) **Defendant Paul Hollenbeck's Motion To Dismiss** [#22] filed May 18, 2015; (3) the **Motion To Dismiss of Defendants Jon Bibik and Robert Goffi** [#56] filed August 14, 2015; (4) the related **Recommendation of the United States Magistrate Judge** [#89] filed February, 25, 2016.  On March 15, 2016, the plaintiff filed **Objections to the Recommendations of the United States Magistrate Judge Mix** [#90].  I sustain the objections in part and overrule the objections in part.  I respectfully reject the

---

[1] "[#13]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

recommendation in part and approve and adopt the recommendation in part.

## I. STANDARD OF REVIEW

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the February 25, 2016, recommendation [#89] to which the plaintiff objects. I have considered carefully the recommendations, the objections, and the applicable case law.

## II. ANALYSIS

The plaintiff, Homaidan Al-Turki, is currently incarcerated in Beaumont, Texas. At all times relevant to his claims, he was incarcerated by the Colorado Department of Corrections. Mr. Al-Turki alleges several different claims against the five named defendants, employees of the federal and state governments, as well as ten John and Jane Doe defendants. In his amended complaint [#28], Mr. Al-Turki alleges that the defendants defamed and stigmatized him "by inventing and disseminating false allegations that Plaintiff is a terrorist, is associated with terrorists, and/or poses a national security concern." *Complaint* [#28], p. 2. He further contends that in disseminating these false statements, the defendants violated his right to due process of law.

Mr. Al-Turki is a citizen of the Kingdom of Saudi Arabia. He sustained criminal convictions in the District court of Arapahoe County, Colorado, and was sentenced to a prison term of eight years to life. He remains incarcerated on that sentence. While in prison, he initiated a prisoner transfer application under an international prisoner transfer treaty. When a foreign national is incarcerated in a state prison, he may obtain approval of a proposed international transfer by the sentencing state. If the sentencing state approves, the application is then sent to the Attorney General of the United States

for approval or disapproval.

The plaintiff claims the defendants caused Tom Clements, the then Executive Director of Colorado Department of Corrections (DOC), to change his decision to approve the request of the plaintiff for a transfer to his home country, Saudi Arabia. Allegedly, Mr. Clements initially approved the transfer request, but later changed his decision and rejected the request. This change, Mr. Al-Turki alleges, was caused by the false and defamatory statements made by some of the defendants about Mr. Al-Turki. Based on these factual allegations, Mr. Al-Turki alleges violations of his right to due process of law and conspiracies to violate his right to due process of law. In all, he asserts eight separate claims. In their motions to dismiss, the defendants seek dismissal of these claims under Fed. R. Civ. P. 12(b)(6). The magistrate judge recommends that each claim be dismissed.

As the magistrate judge correctly notes, in order to survive a Rule 12(b)(6) motion, the complaint must "plead sufficient facts, taken as true, to provide plausible grounds that discovery will reveal evidence to support plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007). A claim is facially plausible when "the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).

**A. Claims Against State Officials**

1. Individual Capacity Claims - The magistrate judge found that the claims against the defendants who are officials of the state of Colorado (defendants Ann Tomsic, George Brauchler, and Paul Hollenbeck) in their individual capacities should be

dismissed. I agree. Prospective injunctive relief is the only remedy sought by the plaintiff. Under 42 U.S.C. § 1983, such relief is not available against officials of the state of Colorado in their individual capacities. Thus, the individual capacity claims for prospective injunctive relief against Ann Tomsic, George Brauchler, and Paul Hollenbeck must be dismissed.

    2. <u>Official Capacity - Stigma-Plus Claims</u> - Mr. Al-Turki alleges various 14th Amendment due process claims against the state defendants. He labels his First Cause of Action as a "stigma-plus" due process claim against defendants Mr. Brauchler and Ms. Tomsic. *Complaint* [#28], p. 24. He labels his Third Cause of Action as a claim of conspiracy to violate his due process rights based on his "stigma-plus" due process claim. The Third Cause of Action is asserted against defendants Mr. Brauchler, Ms. Tomsic, Mr. Hollenbeck, and the John and Jane Doe defendants. *Complaint* [#28], p. 27.

    The stigma-plus standard requires a plaintiff to show (1) government defamation, and (2) an alteration of legal status. ***Martin Marietta Materials, Inc. v. Kansas Department of Transportation,*** 810 F.3d 1161, 1184 (10th Cir. 2016); **see also *Nat'l Aeronautics & Space Admin. v. Nelson***, 562 U.S. 134, 161 (2011) (stigma, standing alone, does not significantly alter a person's legal status so as to justify the invocation of procedural safeguards). In ***Paul v. Davis***, the Supreme Court of the United States noted that "any harm or injury to that interest [in personal reputation], even where as here inflicted by an officer of the State, does not result in a deprivation of any 'liberty' or 'property' recognized by the state or federal law. . . ." ***Paul v. Davis***, 424 U.S. 693, 712 (1976).

To satisfy the second prong, an alteration of legal status, the plaintiff must show a significant alternation of his legal status resulting from the government defamation. *Paul v. Davis*, 424 U.S. 693, 711 (1976). The *Paul* court noted state granted drivers licenses and parole privileges as forms of status recognized by a state which, when extinguished or altered significantly, trigger a due process requirement. *Id*.

In *Paul*, two local police departments distributed flyers to merchants purporting to list persons known to be active shoplifters. The flyers included photographs and names of many people. Photographs of the plaintiff with his name were shown in the flyer. The plaintiff had been charged with shoplifting before the flyer was distributed, but never convicted of shoplifting. The plaintiff claimed his designation as an active shoplifter "would inhibit him from entering business establishments for fear of being suspected of shoplifting and possibly apprehended, and would seriously impair his future employment opportunities." *Id*. at 697. Examining the plus aspect of a stigma-plus claim, the *Paul* Court held that "Respondent in this case cannot assert denial of any right vouchsafed to him by the State and thereby protected under the Fourteenth Amendment. That being the case, petitioners' defamatory publications, however seriously they may have harmed respondent's reputation, did not deprive him of any 'liberty' or 'property' interests protected by the Due Process Clause." *Id*. at 712. The Court indicated that the plus aspect of a stigma-plus claim must involve the deprivation of a right the plaintiff previously held under state law. *Id*. at 708 (referring to the right to purchase or obtain liquor in common with the rest of the citizenry at issue in *Wisconsin v. Constantineau*, 400 U.S. 433, 436 (1971)).

In *Hall v. Marshall*, the plaintiff asserted a stigma-plus claim, alleging that state

5

defamation caused him to be denied parole. 479 F.Supp.2d 304, 314 (E.D.N.Y. 2007). The *Hall* court held that, even though New York inmates have no liberty interest in being granted parole, "the denial of parole certainly qualifies as a 'material state-imposed burden or state-imposed alteration of [Hall's] status or rights.'" *Id*. The allegation that Hall had been denied parole was, the court held, was sufficient to allege the plus aspect of a stigma-plus claim.

The change in status on which Mr. Al-Turki relies to support his stigma-plus claims is the decision of the Executive Director of the Colorado Department of Corrections to withdraw his approval of the transfer application of Mr. Al-Turki and to change his decision to disapproval of the transfer application. This change made Mr. Al-Turki legally ineligible to further pursue his application for an international prisoner transfer to his home country. This change, Mr. Al-Turki alleges, was caused by the state defamation committed by some of the defendants. The magistrate judge concludes that this alteration of the status of the plaintiff is not a significant alteration of the legal status of the plaintiff. As a result, the magistrate judge concludes that Mr. Al-Turki has not alleged facts sufficient to support a stigma-plus claim.

In his objections, Mr. Al-Turki argues that the change from approval of his transfer application to its disapproval constitutes a significant change in his legal status, for purposes of his stigma-plus claim. Mr. Al-Turki notes that under Department of Corrections Administrative Regulation 550-05, once the executive director approves a transfer application, "the Office of Offender Services shall forward a completed application packet to the United States' Department of Justice." Mr. Al-Turki alleges that after the executive director approved the application of Mr. Al-Turki, his application

6

was not forwarded to the department of justice as required by the regulation. Rather, the defendants, Mr. Al-Turki alleges, began to spread false information about Mr. Al-Turki and to delay the submission of his application to the department of justice. The falsehoods, he alleges, later caused the executive director to withdraw his approval of the application.

Respectfully, I must disagree with the magistrate judge on this point. Assuming the allegations in the complaint to be true, as I must, I find that the allegations of Mr. Al-Turki are sufficient to plausibly allege that the change from approval to disapproval of his application was a significant change in his legal status. No doubt, Mr. Al-Turki does not have an absolute right to be transferred to Saudi Arabia. However, he alleges that the actions of the defendants removed any possibility that he could get his transfer application approved at all of the necessary levels. Prior to the alleged falsehoods, Mr. Al-Turki alleges, he had an opportunity to gain approval of his transfer application. After the falsehoods, he alleges, he had no opportunity to gain such approval. In the circumstances of Mr. Al-Turki, that constitutes a significant change in his legal status.

Mr. Al-Turki has alleged both government defamation by defendants Mr. Brauchler and Ms. Tomsic and a resulting significant alteration of his legal status. Thus, I find that the allegations in the complaint are sufficient to state a stigma-plus claim against Mr. Brauchler and Ms. Tomsic. Thus, the motion to dismiss must be denied as to the First Cause of Action.

In the Fourth Cause of Action, Mr. Al-Turki alleges a conspiracy involving Ms. Tomsic, Mr. Brauchler, and Mr. Hollenbeck to deprive Mr. Al-Turki of his rights, as alleged in the First Cause of Action. The allegations in the complaint are sufficient to

7

allege conspiracy and an underlying violation of a constitutional right of Mr. Al-Turki. Thus, the motion to dismiss must be denied as to the Fourth Cause of Action.

       3. <u>Official Capacity - Extreme Stigmatization Claims</u> - Mr. Al-Turki labels his Fifth Cause of Action as a due process claim based on extreme stigmatization and defamation. *Complaint* [#28], p. 30. He labels his Seventh Cause of Action as a claim of conspiracy to violate his due process rights based on his "extreme stigmatization" due process claim, as alleged in his Fifth Cause of Action. The Seventh Cause of Action is asserted against Mr. Brauchler and Ms. Tomsic. *Complaint* [#28], p. 32.

       As the magistrate judge notes, there is no applicable law which refers to a due process claim based on extreme stigmatization. Further, the Tenth Circuit has held that "stigmatization or reputational damage alone, no matter how egregious, is not sufficient to support a §1983 cause of action." ***McGhee v. Draper***, 639 F.2d 639, 643 (10th Cir. 1981). To justify relief under the Fourteenth Amendment via §1983, allegations of reputational damage "must be entangled with some other tangible interest." ***Id.*** Without such an entanglement, stigmatization or damage to reputation "is properly vindicated through state tort actions." ***Id***.

       The magistrate judge concludes that the allegations in the Fifth and Seventh Causes of Action do not state a claim on which relief can be granted. I concur. Mr. Al-Turki may not assert a due process claim based solely on alleged stigma suffered as a result of alleged false statements made about him by the defendants. Thus, the motion to dismiss must be granted as to the Fifth and Seventh Causes of Action. As recommended by the magistrate judge, the extreme stigmatization claims will be dismissed with prejudice. As to these claims, Mr. Al-Turki has not pled claims that are

facially plausible. Mr. Al-Turki cannot plead a valid due process claim relying solely in stigma caused by false statements made by government actors. ***McGhee v. Draper***, 639 F.2d 639, 643 (10th Cir. 1981).

## B. Claims Against Federal Officials

Mr. Al-Turki asserts similar due process claims against two defendants who are federal officials – defendants John Bibik and Robert Goffi. Mr. Al-Turki alleges that Mr. Bibik is an agent with the Federal Bureau of Investigation and Mr. Goffi an attorney with the Federal Bureau of Investigation. The Second Cause of Action is a stigma-plus due process claim. The Fourth Cause of Action is a claim of conspiracy to violate his due process rights based on the "stigma-plus" due process claim alleged in his Second Cause of Action. His Sixth Cause of Action is an extreme stigmatization due process claim. His Eighth Cause of Action is a claim of conspiracy to violate his due process rights based on the extreme stigmatization due process claim alleged in his Sixth Cause of Action. The Second, Fourth, Sixth, and Eighth Causes of Action all are asserted under ***Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics***, 403 U.S. 388 (1971).

The magistrate judge recommends that the motion to dismiss be granted as to the claims against Mr. Bibik and Mr. Goffi because those claims may not be asserted under ***Bivens***. I agree. ***Bivens*** creates a cause of action against federal officials only in their individual capacities and only for money damages. ***Simmat v. U.S. Bureau of Prisons***, 413 F.3d 1225, 1231 (2005); ***Farmer v. Perrill***, 275 F.3d 958, 963 (10th Cir.2001). Mr. Al-Turki seeks only injunctive relief. The allegations in his Second, Fourth, Sixth, and Eighth Causes of Action do not state claims under ***Bivens*** on which

9

relief can be granted.  Thus, the motion to dismiss must be granted as to each of these claims.

In addition, even if **Bivens** were a proper vehicle for such claims, the allegations in support of the extreme stigmatization claims in the Sixth and Eighth Causes of action are not sufficient to state a due process claim.  Thus, I adopt the recommendation of the magistrate judge that the motions to dismiss be granted as to the Second, Fourth, Sixth, and Eighth Causes of Action.

### C. Claims Against John and Jane Doe Defendants

The magistrate judge recommends that the claims against the defendants named as "John and Jane Does 1 through 10" be dismissed.  I agree with this recommendation, but on a different basis.  In the complaint, Mr. Al-Turki makes generalized allegations about the John and Jane Doe defendants, but he provides no specifics about the positions they held or the roles they played in making the allegedly false statements about Mr. Al-Turki or how these defendants played a role in causing the application for transfer to be denied.  As pled currently, the allegations against these defendants do not state a claim on which relief can be granted.

### D.  Dismissal With Prejudice

The magistrate judge recommends that the claims of Mr. Al-Turki be dismissed with prejudice.  For the reasons noted in Section II, A, 3, above, the extreme stigmatization claims against Mr. Brauchler and Ms. Tomsic in the Fifth and Seventh Causes of Action must be dismissed with prejudice.  The same is true of the extreme stigmatization claims against Mr. Bibik and Mr. Goffi in the Sixth and Eighth Causes of Action.

After the recommendation was filed, and in response to the recommendation, Mr. Al-Turki filed a motion [#91] to amend his complaint. In that motion, he contends he can allege plausible claims against Mr. Bibik and Mr. Goffi, the federal defendants, without using *Bivens* as a vehicle. Without deciding whether or not that is true, I conclude that magistrate judge should be given an opportunity to rule on the motion to amend before the other *Bivens* claims are dismissed with prejudice. Thus, the *Bivens* claims which do not rely on an extreme stigmatization theory, the Second and Fourth Causes of Action, will be dismissed without prejudice.

### III. CONCLUSION

Respectfully, I reject the recommendation to the extent the magistrate judge concludes that Mr. Al-Turki has not adequately pled his stigma-plus due process claims against the state defendants in the First and Third Causes of Action. The motions to dismiss of Mr. Brauchler, Ms. Tomsic, and Mr. Hollenbeck are denied as to those claims. In addition, I respectfully reject the recommendation to the extent the magistrate judge recommends that the stigma-plus *Bivens* claims against Mr. Bibik and Mr. Goffi in the Second and Fourth Causes of Action, be dismissed with prejudice. Rather, I dismiss those claims without prejudice to permit the magistrate judge the opportunity to assess the related motion to amend the complaint.

Otherwise, I find that the analysis and conclusions of the magistrate judge are detailed and well-reasoned. Accordingly. the motions to dismiss are granted as to the extreme stigmatization claims against all defendants. The extreme stigmatization claims in the Fifth, Sixth, Seventh, and Eighth Causes of Action are dismissed with prejudice.

**THEREFORE, IT IS ORDERED** as follows:

1. That respectfully, the **Recommendation of United States Magistrate Judge** [#89] filed February 25, 2016, is rejected to the extent the magistrate judge recommends that the motions to dismiss be granted as to the First and Third Causes of Action – the stigma-plus due process claims against the state defendants;

2. That respectfully, the **Recommendation of United States Magistrate Judge** [#89] filed February 25, 2016, is rejected to the extent the magistrate judge recommends that the Second and Fourth Causes of Action be dismissed with prejudice rather than without prejudice;

3. That otherwise, I approve and adopt the **Recommendation of United States Magistrate Judge** [#89] filed February 25, 2016, as an order of this court;

4. That as to the First and Third Causes of Action – the stigma-plus due process claims against the state defendants – I sustain the objections [#90] of the plaintiff to the extent the plaintiff contends he adequately pled a significant change in his legal status in support of those claims;

5. That otherwise, I overrule the objections [#90] of the plaintiff;

6. That under Fed. R. Civ. P. 12(b)(6), the **Motion To Dismiss From Defendants Ann Tomsic and George Brauchler** [#13] filed May 11, 2015, is denied as to the First and Third Causes of Action;

7. That under Fed. R. Civ. P. 12(b)(6), **Defendant Paul Hollenbeck's Motion To Dismiss** [#22] filed May 18, 2015, is denied as to the Third Cause of Action[2];

8. That otherwise under Fed. R. Civ. P. 12(b)(6), the **Motion To Dismiss From**

---

[2] Mr. Hollenbeck is not named as a defendant in the First Cause of Action.

**Defendants Ann Tomsic and George Brauchler** [#13] filed May 11, 2015, is granted;

9. That otherwise under Fed. R. Civ. P. 12(b)(6), **Defendant Paul Hollenbeck's Motion To Dismiss** [#22] filed May 18, 2015, is granted;

10. That the Fifth and Seventh Causes of Action alleged in the complaint [#28] are dismissed with prejudice;

11. That all claims alleged against defendants George Brauchler, Ann Tomsic, and Paul Hollenbeck in their individual capacities are dismissed with prejudice;

12. That under Fed. R. Civ. P. 12(b)(6), the **Motion To Dismiss of Defendants Jon Bibik and Robert Goffi** [#56] filed August 14, 2015, is granted;

13. That the Second and Fourth Causes of Action are dismissed without prejudice; and

14. That the Sixth and Eighth Causes of Action are dismissed with prejudice

Dated March 25, 2016, at Denver, Colorado.

                                             **BY THE COURT:**

*/s/ Bob Blackburn*
Robert E. Blackburn
United States District Judge