**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 15-cv-00524-REB-KLM

HOMAIDAN AL-TURKI,

    Plaintiff,

v.

ANN TOMSIC, in her official capacity as Chief Deputy District Attorney,
GEORGE BRAUCHLER, in his official capacity as District Attorney, and
PAUL HOLLENBECK, in his official capacity,

    Defendants.

**ORDER DENYING DEFENDANTS' MOTION
FOR CERTIFICATION OF INTERLOCUTORY APPEAL**

**Blackburn, J.**

The matter before me is the **Motion for Certification Pursuant to 28 U.S.C. § 1292(b) of This Court's March 25, 2016, Order From Defendants Ann Tomsic and George Brauchler** [#106][1] filed April 19, 2016.  The plaintiff filed a response [#110], and defendants Ann Tomsic and George Brauchler filed a reply [#111].  I deny the motion.

The standard for appellate review of an interlocutory order of a district court is codified at 28 U.S.C. § 1292. Section 1292(b) is apposite and provides in relevant part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of

---

[1] "[#106]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

> opinion and that an immediate appeal from the order may
> materially advance the ultimate termination of the litigation,
> he shall so state in writing in such order. . . .

Given the terms of the statute, four criteria must be met before an issue may be certified for interlocutory appeal: (1) the action must be a civil action; (2) the court must conclude that the order involves a controlling question of law; (3) there must be substantial ground for difference of opinion as to the resolution of that question; and (4) it must appear that an immediate appeal from the order may materially advance the ultimate termination of the litigation. *In re Grand Jury Proceedings June 1991*, 767 F.Supp. 222, 223 (D. Colo. 1991).

While I have discretion in determining whether to certify an order for interlocutory appeal under the statute, *see Swint v. Chambers County Commission*, 514 U.S. 35, 47 (1995), certification should be reserved for rare and extraordinary cases. *State of Utah by and through Utah State Department of Health v. Kenecott Corp.*, 14 F.3d 1489, 1495 (10th Cir.), *cert. denied*, 115 S.Ct. 197 (1994).

> The phrase "question of law" as used in 28 U.S.C. § 1292(b) does not
> refer to a particular application of facts to the law, but rather "has
> reference to a question of the meaning of a statutory or constitutional
> provision, regulation, or common law doctrine." *Ahrenholz v. Bd. of Trs.
> of the Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir.2000). Such questions
> typically involve law that is unsettled. *See Gillespie v. U.S. Steel Corp.*,
> 379 U.S. 148, 168 n. 4 (1964) (approving district court's denial of
> certification when the Supreme Court had previously directly addressed
> the law in question); 28 U.S.C. § 1292(b) (requiring there be a substantial
> ground for difference of opinion on the controlling question of law).
> Consequently, for the purposes of 28 U.S.C. § 1292(b), district courts
> should certify questions when they are unsure what the law is, not when
> there is merely a dispute as to how the law applies to the facts of a
> particular situation.

*Certain Underwriters at Lloyd's, London, Subscribing To Policy Number 501/NM03ACMB v. Nance*, 2006 WL 4109675, at *3 (D.N.M.,2006)

The plaintiff, Homaidan Al-Turki, is a citizen of the Kingdom of Saudi Arabia. He suffered criminal convictions in the District Court of Arapahoe County, Colorado and was sentenced to an indeterminate term of imprisonment of eight years to life in the Colorado Department of Corrections (DOC). He remains incarcerated on that sentence.

While in prison, Mr. Al-Turki initiated an attempted transfer via application under a treaty governing the international transfer of prisoners. When a foreign national is incarcerated in a state prison, he may obtain approval of a proposed international transfer by the sentencing state. If the sentencing state approves, the application then is sent to the Attorney General of the United States for approval or disapproval.

The plaintiff alleges that the defendants caused Tom Clements, the then Executive Director of DOC, to change his decision to approve the request of the plaintiff for a transfer to his home country, Saudi Arabia. Allegedly, Mr. Clements initially approved the transfer request and wrote, but did not send, a letter to that effect. According to the plaintiff, defamatory statements by Ms. Tomsic and Mr. Brauchler caused the director of the DOC to change his mind and then to disapprove the application. That disapproval, Mr. Al-Turki alleges, foreclosed any possibility that his application would be approved at the other necessary levels. Based on these factual allegations, Mr. Al-Turki alleges violation of his right to due process of law.

The due process claim of Mr. Al-Turki is a so-called stigma-plus due process claim. "For a plaintiff to prevail on a claim that the government has violated the Due Process Clause by damaging [his] reputation, that plaintiff must satisfy the 'stigma-plus' standard. That standard requires the plaintiff to demonstrate both (1) governmental defamation and (2) an alteration in legal status." ***Martin Marietta Materials, Inc. v.***

3

*Kansas Dept. of Transp.*, 810 F.3d 1161, 1184 (10th Cir. 2016) (internal quotation and citation omitted); *see also Nat'l Aeronautics & Space Admin. v. Nelson*, 562 U.S. 134, 161 (2011) (stigma, standing alone, does not significantly alter a person's legal status so as to justify the invocation of procedural safeguards). To satisfy the second prong, an alteration of legal status, the plaintiff must show a significant alternation of his legal status resulting from the government defamation. *Paul v. Davis*, 424 U.S. 693, 711 (1976).[2]

Addressing the motion to dismiss [#13] of Ms. Tomsic and Mr. Brauchler, the magistrate judge concluded that the alleged decision by the director of the DOC to change his approval of the transfer request to a disapproval of that request does not constitute a significant alteration of the legal status of the plaintiff. *Recommendation* [#89], pp. 20 - 21. Thus, the magistrate judge concluded that the allegations in the plaintiff's complaint did not state a stigma-plus due process claim.

Addressing this issue in my order [#93] considering the recommendation, I disagreed with this conclusion. I noted that Mr. Al-Turki

> alleges that the actions of the defendants removed any possibility that he could get his transfer application approved at all of the necessary levels. Prior to the alleged falsehoods, Mr. Al-Turki alleges, he had an opportunity to gain approval of his transfer application. After the falsehoods, he alleges, he had no opportunity to gain such approval. In the circumstances of Mr. Al-Turki, that is a significant change in his legal status.

*Order* [#93], p. 7.

In their present motion, Ms. Tomsic and Mr. Brauchler seek certification of the question of "whether Plaintiff possessed a liberty interest in the drafting of an approval

---

[2] The *Paul* court noted state granted drivers licenses and parole privileges as forms of status recognized by a state which, when extinguished or altered significantly, trigger a due process requirement. *Id*.

letter, which was never sent, by the Colorado Department of Corrections Executive Director Tom Clements pursuant to the transfer treaty to which both the United States of America and the Kingdom of Saudi Arabia are signatories." *Motion* [#106], p. 2. Stated more succinctly, the key issue is whether the alleged change of mind of the DOC director worked a significant alteration of Mr. Al-Turki's legal status for purposes of a stigma-plus due process claim. Ms. Tomsic and Mr. Brauchler contend this issue is appropriate for certification under § 1292(b).

This case is a civil action; thus, first requirement of § 1292(b) certification is satisfied. Whether Mr. Al-Turki suffered a significant alteration of his legal status is the controlling question of law. If he did, then he has pled a viable stigma-plus claim; if he did not, he has not.

However, my determination of this issue, when addressing the motion to dismiss, involved an application of the law stated in the relevant caselaw to the factual allegations of Mr. Al-Turki. This is not a situation in which the court or the parties face significant uncertainty about what the law is. The law in question is reasonably clear. Rather, at this point, the key dispute is how the law applies to the particular facts alleged by Mr. Al-Turki. Generally, disputes about how reasonably clear law applies to particular facts are not appropriate for certification under § 1292(b).

Given these circumstances, I find and conclude that the issue for which Ms. Tomsic and Mr. Brauchler seek certification under § 1292(b) does not involve a controlling question of law which is unclear. Rather, the issue for which certification for immediate interlocutory appeal is sought involves a question about how the reasonably clear law concerning stigma-plus due process claims applies to the particular facts alleged by Mr. Al-Turki. That mixed question of fact and law is not appropriate for

5

certification under § 1292(b).

**THEREFORE, IT IS ORDERED** that the **Motion for Certification Pursuant to 28 U.S.C. § 1292(b) of This Court's March 25, 2016, Order From Defendants Ann Tomsic and George Brauchler** [#106] is denied.

Dated March 24, 2017, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge